■ SUSAN WRIGHT et al., Respondents, v. SPRING LAKE HOTEL, INC., Appellant.— Appeal from an order which denied defendant's motion to dismiss the complaint for failure to diligently prosecute the action, which is for personal injuries sustained on August 31, 1959 by reason of a falling ceiling. The motion was made under rule 156 of the Rules of Civil Practice, upon plaintiffs' failure to serve and file a note of issue. Subsequently the Civil Practice Law and Rules became effective but the motion was not "rendered ineffectual or impaired" thereby. (CPLR 10003.) Upon the papers before us it cannot be found "that the neglect of the plaintiff[s] to bring the action to trial has not been unreasonable" (Rules Civ. Prac., rule 156). After commencing the action, plaintiffs took no proceedings therein until this motion was made two years later. The only affidavit in answer to the motion is that of plaintiffs' attorney and does no more than to state that the failure to take any steps in prosecution of the action was due to his intention to attempt to negotiate a settlement if and when defendant should undertake pretrial procedures; but even actual negotiations would not necessarily have afforded an excuse. (See *Krell* v. *Pelham Syndicate,* 14 A D 2d 845; *Maizonet* v. *Lee Props.*, 11 A D 2d 667.) Further, although the answer had denied the incident and there had been no compliance with the demand for bill of particulars dated October 11, 1960, plaintiffs served no affidavit of merits upon this motion. Plaintiffs did not argue this appeal nor did they submit a brief. Order reversed, on the law and the facts, and motion granted, with $10 costs. Gibson, P. J., Herlihy, Taylor, Aulisi and Hamm, JJ., concur.

■ JEANETTE MEYER et al., Respondents, v. A. P. HOTEL CORP., Appellant.— Order reversed, on the law and the facts, and motion granted, with $10 costs. (See *Wright* v. *Spring Lake Hotel,* 20 A D 2d 936.) Gibson, P. J., Herlihy, Taylor, Aulisi and Hamm, JJ., concur.